LAW OFFICES OF GEORGE N. PROIOS, PLLC
George N. Proios (GP-9331)
Herald Square Building
1350 Broadway, Suite 1507
New York, NY  10018-7702
(212) 279-8880
Facsimile (212) 279-0670

Attorneys for Defendant Bunker Holdings Ltd

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
NEW YORK
------------------------------------------------------x
                                  :

AQUAVITA INTERNATIONAL, S.A.

                                  :       Civil Action No.
     Plaintiff,                     1:08-cv-05878-UA

                                  :
     v.

                                  :

BUNKER HOLDINGS, LTD.,

                                  :
------------------------------------------------------x

**BUNKER HOLDINGS, LTD.**
**CLAIM TO GARNISHED/ATTACHED FUNDS, ANSWER**
**AND COUNTERCLAIM**

**Verified Statement of Right or Interest in Garnished and Attached Funds**

     Pursuant to Supplemental Rule C(6)(a), Bunker Holdings, Ltd. claims all funds which

have been garnished in this action.  These are funds which belong to Bunker Holdings and/or

which belong to customers attempting to pay Bunker Holdings.

**ANSWER**

     Bunker Holdings Ltd. answers the complaint as follows:

     1.      Denied.

     2.      Unknown to Bunker Holdings.

     3.      Admitted.

4.      Admitted.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Admitted.

9.      Unknown to Bunker Holdings.

10.     Denied.

11.     Denied as to claims of damages.

12.     This paragraph states a legal conclusion which Bunker Holdings need neither admit nor deny.

13.     This paragraph states a legal conclusion which Bunker Holdings need neither admit nor deny.

## FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over plaintiff's claims.

## SECOND AFFIRMATIVE DEFENSE

The complaint fails to state claims upon which this Court may grant relief.

## THIRD AFFIRMATIVE DEFENSE

This Court should stay this case for arbitration pursuant to the parties' agreement.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not ripe for adjudication.

WHEREFORE, Bunker Holdings respectfully requests this Court to dismiss the complaint with costs and other proper relief awarded to Bunker Holdings.

## COUNTERCLAIM

Bunker Holdings counterclaims against Aquavita as follows:

1.      This is an admiralty and maritime claim within this Court's jurisdiction pursuant to 28 U.S.C. §1333 and Rule 9(h).

2.      Bunker Holdings on April 15, 2008 provided to the vessel M/V JIN XING ("Vessel") on the order of the Vessel's charterer, Aquavita, bunkers (marine fuel) in the amount of USD $378,140.  Aquavita's purchase was expressly subject to contractual terms agreed by Bunker Holdings and Aquavita ("Contract"), as set out herein.  Aquavita accepted the bunkers and according to the contractual terms, both Aquavita, and Bunker Holdings, kept samples of the bunkers should later testing be needed.

3.      The Contract required that Aquavita notify Bunker Fuels within seven (7) days of the bunkers deliver, eg, by April 22, 2008, of any complaint about the quality of the bunkers delivered.  On the eighth (8th) day after the delivery, April 23, 2008, Bunker Fuels received from Aquavita, a message from the Vessel's owners, Farenco, that Farenco believed that the bunkers that Bunker Holdings had delivered, were faulty.  This claim was late, under the Contract.

4.      Nevertheless, Bunker Holdings commenced, as the Contract otherwise required, to test the bunker samples, and as the Contract required, requested Aquavita to also submit its sample for testing, both, to a mutually agreed bunkers testing lab.  The Contract provided that such testing would be conclusive of all claims.  Nevertheless, to date, Aquavita has failed, or refused, to submit its sample for testing, even though Bunker Holdings and Aquavita agreed on

the testing laboratory.

5.    The Contract further required as follows:

10. LIABILITY

10.1. Liabilities of the Seller for consequential damages is excluded. In any event and notwithstanding anything to the contrary herein, liability of the Seller shall under no circumstances exceed the invoice value of the Bunkers supplied under the relevant agreement to the relevant Vessel.

10.2. The Buyer shall be liable towards the Seller and herewith undertakes to indemnify the Seller for any and all damages and/or costs suffered or otherwise incurred by the Seller due to a breach of contract and/or fault or neglect of the Buyer, its agents, servants, (sub)contractors, representatives, employees and the officers, crews and/or other people whether or not onboard of the respective vessel(s).

13.1. The Agreement shall be governed by English law and any dispute arising out of or in connection with this Contract shall be referred to and finally settled by arbitration in London in accordance with the Arbitration Act 1996 or any statutory modification or reenactment thereof save to the extent necessary to give effect to the provisions of this Clause.

\*   \*   \*

14. INSURANCE

The Buyer is responsible for effecting and maintaining insurances which will fully protect the Buyer, the Seller and all third parties from all risks, hazards and perils associated with or arising from the Agreement.

6.    Farenco claims from Aquavita, damages of USD $926,640; Aquavita, in the action brought here, claims these damages from Bunker Holdings, although, contends that the amount that Farenco is demanding of Aquavita is USD $3,649,594.10.  Whether it is in either amount, Aquavita's claim breaches Aquavita's contract with Bunker Holdings, in which Aquavita agreed to limit any damages claims to the value of the bunkers provided, here, USD $378,140.

7.     Aquavita also has breached its contract with Bunker Holdings, however, by failing or refusing to submit bunker samples for testing, and, by information and belief, failing to provide insurance in favor of Bunker Holdings, as the Contract requires.

8.     In further breach of the Contract, Aquavita has initiated these proceedings, garnishing or attaching over USD $500,000 of Bunker Holdings or its customers' funds.

## Count I - Breach of Contract

9.     Bunker Holdings repeats the foregoing paragraphs of this Counterclaim.

10.     Aquavita has breached the Contract by failing to provide insurance, bringing the proceedings here, and failing to provide test samples as the Contract provides.

11.     Bunker Holdings has suffered damages because of Aquavita's breach of contract, including but not limited to, in the amounts of lost interest on garnished amounts, attorneys fees expended in the defense of Aquavita's action, and the value of the insurance, which Aquavita by information and belief has failed to place in favor of Bunker Holdings.  Bunker Holdings therefore demands damages as set out below.

## Count II - Counter-Security

12.     Bunker Holdings repeats the foregoing paragraphs of this Counterclaim.

13.     As a consequence of Aquavita's breach of contract, Bunker Holdings will commence arbitration pursuant to the Contract and will incur attorneys fees and related costs, in those proceedings.  Further, it has sustained the damages set out herein.

14.     This Court accordingly, pursuant to Supplemental Federal Admiralty Rules E(2)(B) and E(7), order Aquavita to post counter-security and to stay all proceedings in this action until such posting of counter-security.

WHEREFORE, Bunker Holdings respectfully requests this Court:

A.      On its Breach of Contract claim, Count I, to award it judgment for damages, and require counter-security, as follows:

    1.      For its expected fees and costs of defense and related costs of arbitration, in the amount of at least $42,000 (Arbitrators Fees, single arbitrator at USD $800/hour, 20 hours, $16,000, Attorneys Fees (London), average, $400/hour, 40 hours, $16,000, related case costs, including, travel, copying, experts, $10,000), or, in such amount as this Court should find proper under the demand for similar items, by Aquavita;

    2.      For Aquavita's failure to procure insurance in favor of Bunker Holdings for the claims arising out of the Contract, in the amount of at least $3,000, the estimated amount of interest lost on funds garnished in this action, or, in such amount as this Court should find proper under the demand for "principal" damages, by Aquavita, or, by Farenco in any action against Bunker Holdings;

B.      That in response to Count II, that this Court stay this action until Aquavita posts counter-security;

C.      That, upon the posting of such counter-security this Court stay this action and order the parties to London arbitration;

D.      That this Court grant Bunker Holdings other and further, proper relief, including its costs.

Dated: July 10, 2008.

LAW OFFICES OF GEORGE N. PROIOS, PLLC
George N. Proios (GP-9331)
Herald Square Building
1350 Broadway, Suite 1507
New York, NY  10018-7702
(212) 279-8880
Facsimile (212) 279-0670

Attorney for Bunker Holdings, Ltd.

OF COUNSEL:
J. Stephen Simms
W. Charles Bailey, Jr.
Simms Showers LLP
Suite 702
Twenty South Charles Street
Baltimore, Maryland 21201
410-783-5795
Fax: 410-510-1789

## VERIFICATION PURSUANT TO
## SUPPLEMENTAL RULE C(6)(a)

Pursuant to Supplemental Rule C(6)(a), I certify under penalty of perjury that Bunker

Holdings' Statement of Right or Interest in Garnished and Attached Funds is true and correct.

Bunker Holdings has given me authority as its counsel to make this Verification.  No officer of

Bunker Holdings is present in this District, to make this Verification.

Pursuant to 28 U.S.C. § 1746,  I certify under penalty of perjury that the foregoing is true and  correct.

Executed on July 10, 2008.

LAW OFFICES OF GEORGE N. PROIOS, PLLC
George N. Proios (GP-9331)
Herald Square Building
1350 Broadway, Suite 1507
New York, NY  10018-7702
(212) 279-8880
Facsimile (212) 279-0670

Attorney for Bunker Holdings, Ltd.

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on July 10, 2008 I caused the foregoing Verified Claim, Answer and

Counterclaim be filed on this Court's CM/ECF system for service on all record counsel.